UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 24-4015

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

BRAXTON DEANGELO BENTON,

        Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. James C. Dever III, District Judge. (5:22-cr-00153-D-RN-1)

Submitted: July 31, 2025                                          Decided: August 14, 2025

Before WILKINSON, HEYTENS, and BERNER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** Richard Croutharmel, Raleigh, North Carolina, for Appellant. David A. Bragdon, Assistant United States Attorney, Lucy Partain Brown, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

    Braxton Deangelo Benton appeals his convictions and the 216-month sentence imposed following his guilty plea to engaging in the business of importing, manufacturing, or dealing in firearms without a license and aiding and abetting, in violation of 18 U.S.C. §§ 2; 922(a)(1)(A); 924(a)(1)(D); and possession of ammunition by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1); 924(e)(1). On appeal, Benton's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal but questioning whether the district court erred when enhancing Benton's sentence under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e). Although notified of his right to file a supplemental pro se brief, Benton has not done so. The Government has declined to file a response brief. For the reasons that follow, we affirm.

    Generally, we review a defendant's sentence "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). However, when "determining whether a district court properly applied the advisory [Sentencing] Guidelines, including application of any sentencing enhancements, we review the district court's legal conclusions de novo and its factual findings for clear error." *United States v. Morehouse*, 34 F.4th 381, 387 (4th Cir. 2022) (cleaned up).

    The ACCA enhancement applies if a defendant convicted of a § 922(g)(1) offense "has three previous convictions . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1). Benton has four prior convictions for North Carolina common law robbery, which is a valid ACCA

2

predicate. *United States v. Dinkins*, 928 F.3d 349, 352 (4th Cir. 2019). In applying the ACCA enhancement, the district court determined, as a factual matter, that the robbery offenses were committed on different occasions. Based on *Erlinger v. United States*, 602 U.S. 821 (2024)—which issued after Benton's sentencing—this was error.

In *Erlinger*, the Supreme Court held that the facts relating to the different occasions question "must be resolved by a unanimous jury beyond a reasonable doubt (or freely admitted in a guilty plea)." 602 U.S. at 834. Thus, a district court errs by deciding the different occasions issue at sentencing. *Id.* at 838-39. Such errors are subject to harmless error review. *United States v. Brown*, 136 F.4th 87, 92-96 (4th Cir. 2025). Where, as here, the defendant was convicted after pleading guilty, the Government establishes that an *Erlinger* error is harmless by "show[ing] beyond a reasonable doubt that if [the defendant's] indictment had alleged the different occasions element of ACCA and if [the defendant] had been correctly advised at his plea hearing that he was entitled to have a jury resolve that issue unanimously and beyond a reasonable doubt," the defendant "would have nonetheless waived that right and admitted as part of his guilty plea that his prior offenses were committed on different occasions." *Id.* at 97 (cleaned up).

In concluding that the *Erlinger* error in *Brown* was harmless, we noted that "Brown chose to plead guilty to the firearm-possession offense *after* having been twice informed that ACCA's mandatory minimum of 15 years and its maximum of life would apply if the judge found its requirements satisfied." *Id.* at 98. And though Brown raised the different occasions issue at sentencing, he did not seek to withdraw his guilty plea. *Id.* Moreover,

3

Brown did not contest the accuracy of his presentence report (PSR), even though the facts alleged therein provided the basis for the district court's different occasions finding. *Id.*

Benton's case is on all fours with *Brown*. First, at the plea hearing, Benton was informed—and indicated that he understood—that he could be subject to the ACCA's enhanced penalties. Second, though Benton challenged the ACCA enhancement at sentencing, he never sought to withdraw his plea. And third, Benton did not dispute the accuracy of the PSR as it related to the ACCA enhancement.

Finally, in *Brown*, we recognized an inverse relationship between the strength of the evidence supporting the ACCA enhancement and the likelihood that a defendant would forgo the benefits of pleading guilty for the opportunity to have a jury decide the different occasions issue. 136 F.4th at 99. There, the evidence supporting Brown's ACCA enhancement was exceptionally strong. *Id.* at 98. Thus, "given that the possibility of a favorable verdict on the different occasions issue would have been so exceedingly remote as to be practically irrelevant, we [could not] fathom that Brown would have traded the benefit of pleading guilty for such long odds." *Id.* at 99.

So too here. "[T]he word 'occasion' in ACCA should be given its 'ordinary meaning'—that is, 'essentially an episode or event.'" *Id.* (quoting *Wooden v. United States*, 595 U.S. 360, 366 (2022)). In this case, the PSR indicated that Benton committed North Carolina common law robberies on October 28, 2005, September 16, 2008, September 17, 2008, and July 23, 2014. Maybe Benton could have argued that 2008 robberies, committed on consecutive days, were part of a single robbery spree. But it would strain credulity to suggest that robberies committed in 2005, 2008, and 2014 were part of

4

a single occasion. In our view, this evidence leaves "no doubt that [Benton] would have pleaded guilty if the indictment had alleged that he committed his prior [violent felonies] on three different occasions and if he had been informed that he was entitled to have a jury find that fact beyond a reasonable doubt." *Id.* We therefore conclude that the *Erlinger* error in this case is harmless.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Benton, in writing, of the right to petition the Supreme Court of the United States for further review. If Benton requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Benton.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*